IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HIGH SIERRA HIKERS ASSN, et al.,

    Plaintiffs,

  v.

BERNIE WEINGARDT, et al.,

    Defendants.

No. C-00-01239 EDL

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE INJUNCTION**

    On January 9, 2002, the Court issued an injunction placing restrictions on the United States Forest Service's issuance or denial of special use permits to pack stations in certain wilderness areas in the Inyo and Sierra National Forests. See Jan. 9, 2002 Order at 10:23-12:20.  Those restrictions applied pending completion by the Forest Service by December 31, 2005 of environmental analysis under the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370d, of the cumulative impacts of pack stock operations, and by December 31, 2006 of site-specific environmental analyses for each permitee. Id.

    Subsequently, on December 27, 2005, the Forest Service issued a Final Environmental Impact Statement and Record of Decision for the Trail and Commercial Pack Stock Management in the Ansel Adams and John Muir Wildernesses ("2005 ROD") that included new management direction for those wilderness areas and for the Dinkey Lakes Wilderness.  Plaintiffs filed an administrative appeal of the 2005 ROD, which was denied.  Plaintiffs have filed an amended complaint in this case challenging the 2005 ROD, and the Court has set a hearing date of June 19, 2007 for the parties' cross-motions for summary judgment.

    In their motion to extend the injunction, Plaintiffs argue that the 2002 injunction should

1  remain in effect until the Court issues a ruling on the cross-motions for summary judgment.
2  Defendants and Defendants/Intervenors oppose Plaintiff's motion. The Court held a hearing on
3  November 14, 2006.

4        The decision of whether to modify the injunction is within the Court's discretion. See
5  Bellevue Manor Associates v. United States, 165 F.3d 1249 1255 (9th Cir. 1999) (holding that
6  standard from Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992) applies to motions to
7  modify decrees and injunctions under Rule 60(b): "There must be 'a significant change in facts or
8  law that warrants revision of the decree,' and 'the proposed modification must be tailored to the
9  changed circumstance.'"). As stated at the hearing, Plaintiffs have failed to make a showing to
10 justify extension of the injunction. Therefore, the Court declines to extend the terms of the
11 injunction, and Plaintiff's motion is denied. If, however, Plaintiff can make a focused showing that
12 there are certain areas of specific concern that require interim protection in light of the Ninth
13 Circuit's ruling regarding possible further remedial relief for the violation of the Wilderness Act,
14 Plaintiff can seek appropriate relief from the Court. See High Sierra Hikers v. Blackwell, 390 F.3d
15 630, 649 (9th Cir. 2004) (stating that the "relief granted by the injunction in practicality addresses
16 most of the substantive violations of the Wilderness Act pending the Forest Service's compliance
17 with NEPA," but that "the injunction does not address remediation of any degradation that may have
18 been caused by packstock services before the 2001 Needs Assessment."). In the meantime, Plaintiff
19 may conduct discovery, if necessary, after reviewing the administrative record on this issue.

20       **IT IS SO ORDERED.**
21 Dated: November 14, 2006

                                  /s/ Elizabeth D. Laporte
22                                 ELIZABETH D. LAPORTE
                                United States Magistrate Judge