RONALD J. TENPAS
  Acting Assistant Attorney General
  Environment and Natural Resources Division
  United States Department of Justice
DAVID B. GLAZER (D.C. 400966; MD)
  Natural Resources Section
  Environment and Natural Resources Division
  United States Department of Justice
  301 Howard Street, Suite 1050
  San Francisco, California  94105
  Telephone:  (415) 744-6491
  Facsimile:  (415) 744-6476
  E-mail:  david.glazer@usdoj.gov

Attorneys for the Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HIGH SIERRA HIKERS ASSOCIATION, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BERNIE WEINGARDT, *et al.*,<br><br>　　　　　Defendants.<br><hr>NATIONAL FOREST RECREATION ASSOCIATION, *et al.*,<br><br>　　　　　Intervenor-Defendants. | No. C-00-1239-EDL<br><br>STIPULATION AND [~~PROPOSED~~] ORDER RE:  SETTLEMENT OF PLAINTIFFS' CLAIMS FOR ATTORNEYS' FEES, COSTS, AND OTHER EXPENSES<br><br>Date:  N/A<br>Time:  N/A<br>Courtroom No. E, 15th Floor<br><u>Hon. Elizabeth D. Laporte</u> |

*High Sierra Hikers, et al. v. Weingardt, et al.*, C-00-1239-EDL
Stipulation and [Proposed] Order Re:  Plaintiffs' Claims for Attorneys' Fees, Costs, and Other Expenses

# RECITALS

1. Plaintiffs are the High Sierra Hikers Association, Forest Service Employees for Environmental Ethics, and Wilderness Watch, all nonprofit organizations whose members assert interests in the use and enjoyment of the John Muir and Ansel Adams Wilderness Areas ("Wilderness Areas") in the Sierra and Inyo National Forests. In April 2000, Plaintiffs brought suit against the Federal Defendants for declaratory and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701–706, arising out of the Federal Defendants' alleged violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370f, the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600–1687, and the Wilderness Act, 16 U.S.C. §§ 1131–1136.

2. The Federal Defendants are the U.S. Forest Service; Dale Bosworth, Chief of the Forest Service; Jeffrey Bailey, Supervisor of the Inyo National Forest; Edward Cole, Supervisor of the Sierra National Forest; and Bernie Weingardt, Regional Forester for Region 5.

3. Plaintiffs challenged the Forest Service's issuance of pack stock permits for commercial operators in the Wilderness Areas. In May 2000, a group of potentially affected pack stock operators sought to intervene and were granted intervention for purposes of the remedy phase of the proceedings.

4. On June 5, 2001, the district court issued a decision on the merits phase of the case and granted the Federal Defendants' motion for summary judgment as to the claims brought under NFMA and the Wilderness Act. However, the district court granted the Plaintiffs' motion for summary judgment on the NEPA claim.

5. On January 9, 2002, after receiving additional briefing on appropriate relief under NEPA, the district court issued an order granting injunctive relief and ordering the Forest Service to complete additional NEPA analysis of the cumulative impacts of its authorization of commercial pack stock use by December 31, 2005, and a site-specific analysis for each permittee by December 31, 2006. On June 24, 2002, the court granted the Federal Defendants' motion to modify the injunction to allow exceptions for designated trips for certain groups of disabled

people, youth, and Native Americans.

6. Plaintiffs appealed the grant of summary judgment on the Wilderness Act claims, and the Federal Defendants appealed the district court's grant of injunctive relief for the NEPA violations. The Ninth Circuit reversed the court's grant of summary judgment to the government on the Wilderness Act claims, while affirming the court's order on the NEPA violations. *High Sierra Hikers Ass'n v. Blackwell ("Blackwell")*, 390 F.3d 630 (9th Cir. 2004).

7. On March 16, 2005, the Ninth Circuit ruled on the Plaintiffs' request for attorneys' fees, costs, and other expenses for the appeal, awarding costs and a portion of the requested fees.

8. The Plaintiffs have made a demand for attorneys' fees, costs, and other expenses for the district court proceedings from initiation of suit to the issuance of the Ninth Circuit's mandate in *Blackwell*, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The Federal Defendants dispute the amount of attorneys' fees, costs, and other expenses demanded.

9. The Plaintiffs and Federal Defendants, in the interests of avoiding further litigation and to reach a mutually acceptable resolution of Plaintiffs' claims for attorneys' fees, costs, and other expenses under EAJA, have negotiated a settlement of those claims.

## **STIPULATION**

The Plaintiffs and Federal Defendants hereby agree as follows:

10. The provisions of this Stipulation and [Proposed] Order shall apply to Plaintiffs, their agents, successors and assigns, and anyone acting on their behalf, and to the Federal Defendants.

11. Within 60 days of the date the Court approves this Stipulation and [Proposed] Order, the Federal Defendants will pay to Plaintiffs $130,000.00 in full settlement and satisfaction of all of the Plaintiffs' claims for attorneys' fees, costs, and other expenses, in the above-captioned case, through the date of the Ninth Circuit's mandate in *Blackwell*.

1   12.     Plaintiffs will accept the sum of $130,000.00 in full settlement and satisfaction of
2   all of their claims for attorneys' fees, costs, and other expenses incurred through the date of the
3   Ninth Circuit's mandate in *Blackwell* and release the Federal Defendants from any liability for
4   attorneys' fees, costs, and other expenses incurred or claimed, or that could have been claimed,
5   for work performed through that date.

6   13.     Plaintiffs agree that, in any future proceedings in this case, they will not seek to
7   recover any attorneys' fees, costs, or other expenses claimed, or that could have been claimed,
8   for work performed through the date of the Ninth Circuit's mandate in *Blackwell*.

9   14.     Plaintiffs represent that the proper entity to receive payment pursuant to this
10  Stipulation and [Proposed] Order is "Wilderness Watch," P.O. Box 9175, Missoula, Montana
11  59807.  Plaintiffs are solely responsible for any apportionment of the amount paid under this
12  Stipulation and [Proposed] Order as among themselves.  All Plaintiffs release and hold the
13  Federal Defendants harmless from any liability for attorneys' fees, costs, or other claims that
14  might be made by entities other than Wilderness Watch as to the attorneys' fees, costs, and other
15  expenses settled herein.

16  15.     Nothing in this Stipulation and [Proposed] Order shall constitute or be construed
17  to constitute a waiver of sovereign immunity by the United States.  Nothing in this Stipulation
18  and [Proposed] Order shall require, or be deemed to require, that the United States pay or obli-
19  gate any funds, or take any other action, in contravention of the Anti-Deficiency Act, 31 U.S.C.
20  § 1341, or any other federal appropriations law.

21  16.     Nothing in this Stipulation and [Proposed] Order shall constitute, or be construed
22  to constitute, an admission of liability on the part of the Federal Defendants as to Plaintiffs'
23  claims for attorneys' fees, costs, and other expenses in the above-captioned litigation or an
24  admission that the Federal Defendants' position was not substantially justified.  Nothing in this
25  Stipulation and [Proposed] Order shall constitute, or be construed to constitute, an admission of
26  liability or waiver of any defense on the part of the Federal Defendants as to Plaintiffs' claims in
27  the underlying suit.  Nothing in this Stipulation and [Proposed] Order shall be cited in any other
28

*High Sierra Hikers, et al. v. Weingardt, et al.*, C-00-1239-EDL
Stipulation and [Proposed] Order Re:  Plaintiffs' Claims for Attorneys' Fees, Costs, and Other Expenses           3

1  proceeding for any purpose other than in a proceeding to enforce the terms hereof.

2      17.    The undersigned representatives of each party certify that they are fully
3  authorized, or have received authorization by the party or parties whom they represent, to enter
4  into the terms and conditions of this Stipulation and [Proposed] Order, which shall be legally
5  binding on them.

6      18.    This Stipulation and [Proposed] Order contains all of the agreements between
7  Plaintiffs and Federal Defendants and is intended to be and is the final and sole agreement
8  between these parties.  The Plaintiffs and Federal Defendants agree that any other prior or
9  contemporaneous representations or understandings not explicitly contained in this Stipulation
10 and [Proposed] Order, whether written or oral, are of no further legal or equitable force or effect.
11 Any subsequent modifications to this Stipulation and [Proposed] Order must be in writing and
12 must be signed and executed by the parties and approved by the Court.

SO AGREED:

FOR THE PLAINTIFFS

/s/PETER M.K. FROST
PETER M.K. FROST
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon  97401
Telephone:    (541) 485-2471
Facsimile:      (541) 485-2437
e-mail:  frost@westernlaw.org

FOR THE FEDERAL DEFENDANTS

/s/David B. Glazer
DAVID B. GLAZER
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California  94105
Telephone:    (415) 744-6491
Facsimile:      (415) 744-6476
e-mail:  david.glazer@usdoj.gov

*High Sierra Hikers, et al. v. Weingardt, et al.*, C-00-1239-EDL
Stipulation and [Proposed] Order Re:  Plaintiffs' Claims for Attorneys' Fees, Costs, and Other Expenses    4

1  PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.

4  Dated: __July 3, 2007__

_____
ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

*IT IS SO ORDERED*
*Judge Elizabeth D. Laporte*