IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGH SIERRA HIKERS ASSN, et al., | No. C-00-01239 EDL |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO STRIKE EXTRA-RECORD EVIDENCE** |
| v. | |
| BERNIE WEINGARDT, et al., | |
| Defendants. | |

On May 31, 2007, Defendants filed a Motion to Strike the declaration of Anthony Silvaggio that Plaintiffs filed in support of their Motion for Summary Judgment. On July 24, 2007, Defendants filed a Motion to Strike the declarations of Gary R. Guenther, David L. Martin, Joan M. Benner, and William A. Worf which were filed in support of Plaintiffs' Reply in support of their Motion for Summary Judgment.[1] The Motions to Strike were fully briefed and on September 5, 2007, the Court heard oral arguments on the parties' summary judgment motions.

"Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court." Southwest Center for Biological Diversity v. U.S. Forest Service, 100 F.3d 1443, 1450 (9th Cir. 1996). The Court may only consider extra-record materials: (1) if necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "when the agency has relied on documents not in the record," or (3) "when supplementing the record is necessary to explain technical terms or complex subject matter." Id.

---

[1] Defendants no longer seek to strike the Worf declaration. See Defs.' Reply at 1:6-10.

1  Extra- record documents may also be admitted "when plaintiffs make a showing of agency bad
2  faith." Id.  These exceptions are narrowly construed. The Lands Council v. Powell, 395 F.3d 1019,
3  1030 (9th Cir. 2005) ("These limited exceptions operate to identify and plug holes in the
4  administrative record. Though widely accepted, these exceptions are narrowly construed and
5  applied.").  The Ninth Circuit further stated:

> The scope of these exceptions permitted by our precedent is constrained, so that the exception does not undermine the general rule. Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making.

Lands Council, 395 F.3d at 1030.  Moreover, "consideration of the evidence to determine the correctness or wisdom of the agency's decision is not permitted . . . ." Arasco, Inc. v. EPA, 616 F.2d 1153, 1160 (9th Cir. 1980).

**Anthony Silvaggio declaration**

Plaintiffs offered the Silvaggio declaration "to critique the agency's survey methodology and results underlying its needs assessment."  Pls.' Opp'n at 2:22-23.  They argue that the Silvaggio declaration is admissible "to explain technical terms or complex subject matter."  Even if, as Defendants argue, this exception to the rule against extra-record evidence does not apply to materials provided by parties other than the federal agency (see National Audubon Soc'y v. USFS, 46 F.3d 1437, 1447, n.9 (9th Cir. 2003)), the Silvaggio declaration is not necessary to explain the survey in this matter.  Therefore, Defendants' Motion to Strike the Silvaggio declaration is granted.

**Gary Guenther declaration**

Mr. Geunther, a former wilderness ranger for the Inyo National Forest, testified in his declaration that, *inter alia,* backpacking equipment has become much lighter in recent years, he checked over 1000 wilderness permits and all had addresses, young children carried backpacks and had trouble walking on parts of the trail because it had been degraded by packstock, but that a five-year-old child could not ride packstock because of limits on age and double riding, and clients of commercial stock pack services pack in excessive gear.  While the Guenther declaration contains some relevant information, the standard for admitting extra-record evidence is not simply relevance. Rather, the exceptions to the rule against extra-record evidence are narrowly construed and the

Guenther declaration does not fall within any exception. Therefore, Defendants' Motion to Strike the Guenther declaration is granted.

**David Martin declaration**

Mr. Martin is an expert on the Yosemite Toad who stated in his declaration that the Forest Service lacks an understanding of basic amphibian biology and the Yosemite Toad specifically. Martin Decl. ¶ 3. Mr. Martin testified that the Yosemite Toad study contained in the EIS is flawed and offered his opinion that the Forest Service failed to consider the impacts to upland areas that may be habitat for adult Yosemite Toad. Martin Decl. ¶¶ 6-8, 12. Plaintiffs offer the Martin declaration "to respond to the agency's argument in its motion for summary judgment that it lawfully will allow commercial packstock to graze non-breeding habitat for the Yosemite Toad." Opp'n at 8:23-25.

Defendants argue that Plaintiffs have waived or failed to exhaust their administrative remedies with respect to the upland habitat issue because Plaintiffs failed to raise those issues in their comments to the DEIS and in their administrative appeal. See Department of Transp. v. Public Citizen, 541 U.S. 752, 764-65 (2004) ("Persons challenging an agency's compliance with NEPA must 'structure their participation so that it ... alerts the agency to the [parties'] position and contentions,' in order to allow the agency to give the issue meaningful consideration.") (quoting Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 553 (1978)); Idaho Sporting Cong., Inc. v. Rittenhouse, 305 F.3d 957, 965 (9th Cir. 2002) ("The Administrative Procedure Act requires that plaintiffs exhaust available administrative remedies before bringing their grievances to federal court."). However, for the reasons set forth in the Court's decision on the parties' cross-motions for summary judgment, Plaintiffs sufficiently raised the issue of Yosemite Toad habitat in their comments and in the administrative appeal so they were not barred from raising the upland habitat issue in this matter.

To the extent that the Martin declaration is submitted to challenge the wisdom of the Forest Service's determinations about the Yosemite Toad, such as Mr. Martin's statements regarding the flaws in the Yosemite Toad survey on which the Forest Service relied (see, e.g., Martin Decl. ¶¶ 10-11), it is stricken. See Northwest Envtl. Advocates v. NMFS, 460 F.3d 1125, 1144-45 (9th Cir.

3

2006) ("Quoting <u>Asarco, Inc. v. EPA</u>, 616 F.2d 1153, 1160 (9th Cir.1980), the district court struck the declaration because "consideration of extra-record evidence 'to determine the correctness ... [or] wisdom of the agency's decision is not permitted.' " The district court acted well within its discretion to do so."). However, to the extent that the Martin declaration contains information about the Yosemite Toad that falls within the exception to the rule prohibiting extra-record for materials that are necessary to determine whether the Forest Service considered all relevant factors and explained its decision, such as the information regarding the use of upland habitat for long-term population viability (<u>see, e.g.,</u> Martin Decl. ¶ 6), it is admissible. Therefore, Defendants' Motion to Strike the Martin declaration is granted in part and denied in part.

**Joan Benner declaration**

Ms. Benner testified in her declaration that Forest Service policy requires names and addresses for permits and that pack station record-keeping was shoddy at best with no consequences from the Forest Service. Ms. Benner's knowledge of this issue is derived from her employment with the Forest Service, which ended in 2000 when she retired. Therefore, her declaration is not relevant to shed light on current Forest Service policy, and it does not fall within a narrowly construed exception to the rule against extra-record evidence. Therefore, Defendants' Motion to Strike the Benner declaration is granted.

**IT IS SO ORDERED.**

Dated: October 30, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge